**IN THE UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN HERNANDEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No: |
| | ) | |
| BCS FINANCIAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, STEVEN HERNANDEZ, JR., by and through his attorneys, KENT M. LUCACCIONI, LTD., and complaining of the Defendant, BCS FINANCIAL CORPORATION, states as follows:

**NATURE OF ACTION**

1.      This case arises out of the unlawful discrimination perpetrated by the Defendant BCS FINANCIAL COROPRATION (hereinafter "BCS") in terminating Plaintiff STEVEN HERNANDEZ, JR. (hereinafter "HERNANDEZ") from his position as a Web Developer based upon his disability of multiple sclerosis (hereinafter "MS").

2.      This action is brought pursuant to the Americans with Disabilities Act of 1990 (commonly known and referred to hereinafter as the "ADA"), 42 U.S.C. § 12101, et seq. for BCS' unlawful employment practices on the basis of disability; Defendant BCS intentionally terminated and discharged HERNANDEZ from his employment with BCS because of his MS disability, in violation of HERNANDEZ'S federally protected rights.

**THE PARTIES**

3.      At all time relevant hereto, Plaintiff HERNANDEZ is and was a citizen and resident of the Unites States of America and State of Illinois, and at the time of the events alleged herein was a citizen and resident of the United States of America and the City of Chicago, County of Cook, and State of Illinois.

1

4.      HERNANDEZ is a qualified individual with a disability within the meaning of the ADA, in that he suffers from MS and receives medical care, therapies, infusions and other prescriptions for his disability, but could otherwise perform all of the essential functions of the Web Developer position that he was hired to perform for the Defendant BCS.

5.      At all times relevant hereto, Defendant BCS was incorporated in the State of Delaware, does and has done business in the County of DuPage and State of Illinois, and has continuously had and does have at least 15 employees.

6.      At all relevant times, Defendant BCS has continuously been engaged in an industry affecting commerce within the meaning of the ADA, 42 U.S.C. § 12111(5)(A) and 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5, et seq.

7.      Defendant BCS is an employer within the meaning of the ADA.

## JURISDICTION AND VENUE

8.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

9.      The employment practices alleged herein to be unlawful were committed in the County of DuPage and State of Illinois where a substantial part of the events giving rise to the claim occurred and consequently venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PROCEDURAL REQUIREMENTS

10.     On October 27, 2017, HERNANDEZ filed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC") in Chicago, Illinois. A charge of discrimination was subsequently filed on January 17, 2018, within three hundred (300) days after the occurrence of the unlawful employment practices alleged herein.

11.     On May 31, 2019, the EEOC determined in a written finding that BCS had discriminated against HERNANDEZ based upon his disability by discharging him in violation of the ADA and invited BCS to participate in conciliation; BCS refused to participate in the conciliation process.

12.     On August 28, 2019, the EEOC issued HERNANDEZ a Notice of Right to Sue letter, informing HERNANDEZ that he could file an action under the ADA.

13.     HERNANDEZ filed the complaint in this case within ninety (90) days after the date on which HERNANDEZ received the Notice of Right to Sue.

14.     All jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and HERNANDEZ has exhausted his administrative remedies as required by law.

## ALLEGATIONS IN SUPPORT OF THE ACTION

15.     HERNANDEZ was hired by BCS on May 20, 2015 as a Web Developer and assigned to report to Danute "Donna" Miller (hereinafter "Miller").

16.     HERNANDEZ capably and satisfactorily performed all of his employment duties and his performance was generally acceptable.

17.     At the time of his hiring, HERNANDEZ had not been diagnosed with MS and was capable of performing and performed all tasks requested of him as a Web Developer; for his 2015 employment review completed in late March 2016, Miller gave him a rating of 3.23/5.00 and noted that he had "exceeded expectations".

18.     In March 2017, HERNANDEZ was hospitalized and diagnosed with MS.

19.     In March 2017, HERNANDEZ advised Miller that he has been diagnosed with MS and, upon information and belief, Miller shortly thereafter advised her superiors and those with authority to hire and terminate employees that HERNANDEZ had been diagnosed with MS.

20.     BCS works closely with the health insurance industry, has done so for over seventy (70) years, and was and is intimately knowledgeable regarding the significant health care and health insurance expenses associated with individuals that suffer from MS, including medical care, therapies, infusions and other prescriptions; BCS provided health insurance to HERNANDEZ.

21.     Notwithstanding the health care and health care expenses that BCS knew it was going to incur relative to HERNANDEZ for health insurance premiums and/or otherwise, BCS was financially capable of paying those expenses without undue hardship to the operations of its business.

22.     Shortly after BCS, including those with the authority to hire and terminate employees, became aware that HERNANDEZ had been diagnosed with MS, HERNANDEZ underwent his yearly employment review for 2016 in late March 2017 and was given an employment rating of 2.75/5.00 by Miller ("Needs Development") on March 28, 2017 which was .25 points below the 3.00/5.00 "Meets Expectations" employee rating.

23.     The employment rating was a illegitimate pretext designed to establish an allegedly legitimate basis to terminate HERNANDEZ from employment when the actual reason for his termination was his MS disability.

24.     When HERNANDEZ was presented with his 2016 yearly employment review in late March 2017, no mention whatsoever was made by Miller or any other individual that his position as Web Developer was going to be eliminated or that he would be terminated from his employment.

25.     On May 9, 2017, HERNANDEZ was asked to meet with Richard Behrens (VP of IT) and Carrie Nutley (Human Resources) and was then terminated from his employment as a Web Developer; at the meeting, HERNANDEZ was presented with a "Settlement Agreement and Release" which required him to waive all legal rights he had under the ADA and other legal protections in exchange for a severance payment of $5,000.00 less applicable withholdings.

26.     HERNANDEZ did not sign the "Settlement Agreement and Release."

27.     At all times relevant hereto, HERNANDEZ was able to  perform the essential functions of the Web Developer position, or a more advanced position with some training, with or without reasonable accommodation.

28.     At all time relevant hereto, Defendant BCS had notice of HERNANDEZ'S disability of MS and intentionally chose to terminate his position based upon that disability, the health care and health insurance expenses associated with it and the prospect of the need for future reasonable accommodations.

29.     The acts alleged above constitute unlawful employment practices in violation of ADA Section 102(a), 102(b)(1), 102(b)(2) and 102(b)(5)(B), 42 U.S.C. § 12112(a), (b)(1), (b)(2) and (b)(5)(B).

30.     Defendant BCS' employment practices, as alleged above, deprived HERNANDEZ of equal employment opportunities, otherwise adversely affected his status as an employee, and were motivated by HERNANDEZ'S disability.

31.     Defendant BCS engaged in the above-described conduct against HERNANDEZ with malice and in reckless disregard of HERNANDEZ'S federally protected rights.

WHEREFORE Plaintiff STEVEN HERNANDEZ, JR. respectfully requests entry of judgment against the Defendant BCS FINANCIAL CORPORATION which includes (1) economic damages in the form of lost back pay, front pay, lost fringe benefits and other pecuniary losses, together with interest as permitted by law; (2) compensatory damages for mental pain and anguish in amounts to be proved at trial; (3) attorneys' fees and costs of this action; (4) punitive damages in an amount to be proven at trial; (5) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and (6) such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff STEVEN HERNANDEZ, JR. requests a trial by jury on all the issues raised by the Complaint.

Respectfully submitted,

KENT M. LUCACCIONI, LTD.

/s/Kent M. Lucaccioni
Kent M. Lucaccioni
(ARDC No. 6197689)
Vincent B. Browne
(ARDC No. 6242593)
Kent M. Lucaccioni, Ltd.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
T: 312-425-0401
F: 312-263-0128
Emails: team@kmlltdlaw.com
        kent@kmlltdlaw.com
        vince@kmlltdlaw.com