IN THE UNITED STATES DISTRICT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN HERNANDEZ JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cv-07661 |
| | ) | |
| BCS FINANCIAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BCS FINANCIAL CORPORATION'S ANSWER TO
STEVEN HERNANDEZ JR.'S COMPLAINT**

Defendant BCS FINANCIAL CORPORATION ("BCS" or "Defendant"), by and through its attorneys, for its Answer to Plaintiff STEVEN HERNANDEZ, JR.'S ("Plaintiff") Complaint, states as follows:

**NATURE OF ACTION**

1. This case arises out of the unlawful discrimination perpetrated by the Defendant BCS FINANCIAL CORPORATION (hereinafter "BCS") in terminating Plaintiff STEVEN HERNANDEZ, JR. (hereinafter "HERNANDEZ") from his position as a Web Developer based upon his disability of multiple sclerosis (hereinafter "MS").

**ANSWER:** BCS admits that Plaintiff purports to bring a case of unlawful discrimination pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., but denies that it violated the ADA or any other law. BCS denies any and all remaining allegations contained in Paragraph 1.

2. This action is brought pursuant to the Americans with Disabilities Act of 1990 (commonly known and referred to hereinafter as the "ADA"), 42 U.S.C. § 12101, et seq. for BCS'

unlawful employment practices on the basis of disability; Defendant BCS intentionally terminated and discharged HERNANDEZ from his employment with BCS because of his MS disability, in violation of HERNANDEZ'S federally protected rights.

**ANSWER: BCS admits that Plaintiff purports to bring an action pursuant to the ADA as described in Paragraph 2, but denies that it violated the ADA or any other law. BCS denies any and all remaining allegations contained in Paragraph 2.**

## THE PARTIES

3. At all time relevant hereto, Plaintiff HERNANDEZ is and was a citizen and resident of the Unites States of America and State of Illinois, and at the time of the events alleged herein was a citizen and resident of the United States of America and the City of Chicago, County of Cook, and State of Illinois.

**ANSWER: BCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on this basis denies the same.**

4. HERNANDEZ is a qualified individual with a disability within the meaning of the ADA, in that he suffers from MS and receives medical care, therapies, infusions and other prescriptions for his disability, but could otherwise perform all of the essential functions of the Web Developer position that he was hired to perform for the Defendant BCS.

**ANSWER: The allegations in Paragraph 4 contain a legal conclusion to which no response is required. To the extent a response is required, BCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on this basis denies the same.**

5. At all times relevant hereto, Defendant BCS was incorporated in the State of Delaware, does and has done business in the County of DuPage and State of Illinois, and has continuously had and does have at least 15 employees.

**ANSWER: BCS admits the allegations in Paragraph 5.**

6. At all relevant times, Defendant BCS has continuously been engaged in an industry affecting commerce within the meaning of the ADA, 42 U.S.C. § 12111(5)(A) and 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5, et seq.

**ANSWER: The allegations in Paragraph 6 contain a legal conclusion to which no response is required. To the extent a response is required, BCS admits the allegations in Paragraph 6.**

7. Defendant BCS is an employer within the meaning of the ADA.

**ANSWER: The allegations in Paragraph 7 contain a legal conclusion to which no response is required. To the extent a response is required, BCS admits the allegations in Paragraph 7.**

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

**ANSWER: BCS admits that this Court has jurisdiction over this matter. BCS denies that it violated the ADA or any other law.**

9. The employment practices alleged herein to be unlawful were committed in the County of DuPage and State of Illinois where a substantial part of the events giving rise to the claim occurred and consequently venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER:** BCS admits that venue is proper, but denies that it violated the ADA or any other law.

### PROCEDURAL REQUIREMENTS

10. On October 27, 2017, HERNANDEZ filed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC") in Chicago, Illinois. A charge of discrimination was subsequently filed on January 17, 2018, within three hundred (300) days after the occurrence of the unlawful employment practices alleged herein.

**ANSWER: The allegations in Paragraph 10 contain a legal conclusion to which no response is required. To the extent a response is required, BCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on this basis denies the same.**

11. On May 31, 2019, the EEOC determined in a written finding that BCS had discriminated against HERNANDEZ based upon his disability by discharging him in violation of the ADA and invited BCS to participate in conciliation; BCS refused to participate in the conciliation process.

**ANSWER: The allegations in Paragraph 11 contain a legal conclusion to which no response is required. To the extent a response is required, BCS denies any and all of the allegations in Paragraph 11.**

12. On August 28, 2019, the EEOC issued HERNANDEZ a Notice of Right to Sue letter, informing HERNANDEZ that he could file an action under the ADA.

**ANSWER: The allegations in Paragraph 12 contain a legal conclusion to which no response is required. To the extent a response is required, BCS lacks knowledge or**

information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on this basis denies the same.

13. HERNANDEZ filed the complaint in this case within ninety (90) days after the date on which HERNANDEZ received the Notice of Right to Sue.

**ANSWER: The allegations in Paragraph 13 contain a legal conclusion to which no response is required. To the extent a response is required, BCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on this basis denies the same.**

14. All jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and HERNANDEZ has exhausted his administrative remedies as required by law.

**ANSWER: The allegations in Paragraph 14 contain a legal conclusion to which no response is required. To the extent a response is required, BCS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on this basis denies the same.**

### ALLEGATIONS IN SUPPORT OF THE ACTION

15. HERNANDEZ was hired by BCS on May 20, 2015 as a Web Developer and assigned to report to Danute "Donna" Miller (hereinafter "Miller").

**ANSWER: BCS admits that Plaintiff began working as a Web Development at BCS on or about May 20, 2015. BCS denies any and all remaining allegations in Paragraph 15.**

16. HERNANDEZ capably and satisfactorily performed all of his employment duties and his performance was generally acceptable.

**ANSWER: BCS denies the allegations in Paragraph 16.**

5

17. At the time of his hiring, HERNANDEZ had not been diagnosed with MS and was capable of performing and performed all tasks requested of him as a Web Developer; for his 2015 employment review completed in late March 2016, Miller gave him a rating of 3.23/5.00 and noted that he had "exceeded expectations".

**ANSWER: BCS lacks knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff's diagnosis. BCS admits that on or about March 24, 2016, Miller presented Plaintiff with and he acknowledged receipt of his 2015 Performance Annual Review that had an overall performance rating of 3.23/5.00. BCS denies any and all remaining allegations in Paragraph 17.**

18. In March 2017, HERNANDEZ was hospitalized and diagnosed with MS.

**ANSWER: BCS lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on this basis denies the same.**

19. In March 2017, HERNANDEZ advised Miller that he has been diagnosed with MS and, upon information and belief, Miller shortly thereafter advised her superiors and those with authority to hire and terminate employees that HERNANDEZ had been diagnosed with MS.

**ANSWER: BCS denies any and all allegations in Paragraph 19.**

20. BCS works closely with the health insurance industry, has done so for over seventy (70) years, and was and is intimately knowledgeable regarding the significant health care and health insurance expenses associated with individuals that suffer from MS, including medical care, therapies, infusions and other prescriptions; BCS provided health insurance to HERNANDEZ.

**ANSWER: BCS admits that, for more than 70 years, it has delivered insurance solutions to the Blue Cross and Blue Shield Systems and its members, and that Plaintiff**

6

was enrolled in one of the health plans that BCS offered to its employees during his employment. BCS lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on this basis denies the same.

21. Notwithstanding the health care and health care expenses that BCS knew it was going to incur relative to HERNANDEZ for health insurance premiums and/or otherwise, BCS was financially capable of paying those expenses without undue hardship to the operations of its business.

**ANSWER: BCS lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on this basis denies the same.**

22. Shortly after BCS, including those with the authority to hire and terminate employees, became aware that HERNANDEZ had been diagnosed with MS, HERNANDEZ underwent his yearly employment review for 2016 in late March 2017 and was given an employment rating of 2.75/5.00 by Miller ("Needs Development") on March 28, 2017 which was .25 points below the 3.00/5.00 "Meets Expectations" employee rating.

**ANSWER: BCS admits that on or about March 24, 2016, Miller presented Plaintiff with and he acknowledged receipt of his 2015 Performance Annual Review that had an overall performance rating of 3.23/5.00, and that on or about March 28, 2017, Miller presented Plaintiff with and he acknowledged receipt of his 2016 Performance review that had an overall performance rating of 2.75/5.00. BCS denies any and all remaining allegations in Paragraph 22.**

23. The employment rating was a [sic] illegitimate pretext designed to establish an allegedly legitimate basis to terminate HERNANDEZ from employment when the actual reason for his termination was his MS disability.

7

**ANSWER:** BCS denies any and all allegations contained in Paragraph 23.

24. When HERNANDEZ was presented with his 2016 yearly employment review in late March 2017, no mention whatsoever was made by Miller or any other individual that his position as Web Developer was going to be eliminated or that he would be terminated from his employment.

**ANSWER:** BCS admits the allegations in Paragraph 24.

25. On May 9, 2017, HERNANDEZ was asked to meet with Richard Behrens (VP of IT) and Carrie Nutley (Human Resources) and was then terminated from his employment as a Web Developer; at the meeting, HERNANDEZ was presented with a "Settlement Agreement and Release" which required him to waive all legal rights he had under the ADA and other legal protections in exchange for a severance payment of $5,000.00 less applicable withholdings.

**ANSWER:** BCS admits that on or about May 9, 2017, Plaintiff attended a meeting with Richard Behrens and Carrie Nutley, at which time he was informed that his employment was terminated. The remaining allegations in Paragraph 25 are inadmissible pursuant to Federal Rule of Evidence 408, so no response is required.

26. HERNANDEZ did not sign the "Settlement Agreement and Release."

**ANSWER:** The allegation in Paragraph 26 is inadmissible pursuant to Federal Rule of Evidence 408, so no response is required.

27. At all times relevant hereto, HERNANDEZ was able to perform the essential functions of the Web Developer position, or a more advanced position with some training, with or without reasonable accommodation.

**ANSWER: The allegations in Paragraph 27 contain a legal conclusion to which no response is required. To the extent a response is required, BCS denies any and all of the allegations in Paragraph 27.**

28. At all time relevant hereto, Defendant BCS had notice of HERNANDEZ'S disability of MS and intentionally chose to terminate his position based upon that disability, the health care and health insurance expenses associated with it and the prospect of the need for future reasonable accommodations.

**ANSWER: The allegations in Paragraph 28 contain a legal conclusion to which no response is required. To the extent a response is required, BCS denies any and all of the allegations in Paragraph 28.**

29. The acts alleged above constitute unlawful employment practices in violation of ADA Section 102(a), 102(b)(1), 102(b)(2) and 102(b)(5)(B), 42 U.S.C. § 12112(a), (b)(1), (b)(2) and (b)(5)(B).

**ANSWER: The allegations in Paragraph 29 contain a legal conclusion to which no response is required. To the extent a response is required, BCS denies any and all of the allegations in Paragraph 29.**

30. Defendant BCS' employment practices, as alleged above, deprived HERNANDEZ of equal employment opportunities, otherwise adversely affected his status as an employee, and were motivated by HERNANDEZ'S disability.

**ANSWER: The allegations in Paragraph 30 contain a legal conclusion to which no response is required. To the extent a response is required, BCS denies any and all of the allegations in Paragraph 30.**

31. Defendant BCS engaged in the above-described conduct against HERNANDEZ with malice and in reckless disregard of HERNANDEZ'S federally protected rights.

**ANSWER: The allegations in Paragraph 31 contain a legal conclusion to which no response is required. To the extent a response is required, BCS denies any and all of the allegations in Paragraph 31.**

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent Plaintiff failed to exhaust any administrative remedies and/or his allegations exceed the scope of his administrative charge(s).

3. Plaintiff's claims are barred to the extent the alleged events on which they are based occurred beyond the statute of limitations.

4. Plaintiff cannot sustain his claims because BCS exercised reasonable care to prevent and promptly correct any inappropriate behavior in the workplace. Further, Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by BCS and/or to avoid harm otherwise.

5. Plaintiff fails to set forth facts sufficient to constitute a claim for damages.

6. Plaintiff's request for damages is barred because BCS made good faith efforts to comply with all applicable laws and had reasonable grounds for believing that any act allegedly taken or omission allegedly made was not a violation of any applicable law.

7. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits received by Plaintiff.

8. Plaintiff's damages, if any, should be barred to the extent he has failed to mitigate any damages.

**Reservation of Rights**

BCS reserves the right to amend its Answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Defendant, BCS FINANCIAL CORPORATION, respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its costs, attorneys' fees, and such other relief as the Court deems just.

DATED:  December 12, 2019.                Respectfully submitted,

                                                    BAKER & MCKENZIE, LLP

                                                    By: /s/ William Dugan

                                                    *Counsel for Defendant BCS Financial Corporation*

William F. Dugan
A. Remi Balogun
BAKER & MCKENZIE, LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone:  (312) 861-2838
Facsimile:  (312) 698-2960
william.dugan@bakermckenzie.com
remi.balogun @bakermckenzie.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 12, 2019, the foregoing BCS Financial Corporation's Answer to Steven Hernandez Jr.'s Complaint was filed using the United States District Court for the Northern District of Illinois CM/ECF system, which will automatically send notice to all registered counsel of record, including the below:

>Kent M. Lucaccioni
>Vince B. Brown
>Kent M. Lucaccioni, Ltd.
>20 South Clark Street, Suite 17000
>Chicago, IL 60603
>
>*Attorneys for Plaintiff*

/s/ William Dugan